# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LOUD RECORDS, LLC, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; FONOVISA, INC., a California corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; BMG MUSIC, a New York general partnership; LONDON-SIRE RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC, a California limited liability company; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,

            Plaintiffs,

    -against-

DOES 1 - 250,

            Defendants.

---------------------------------------------------------------x

Civil Action No.: 04 CV 472 (LAK)(HBP)

## [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE IMMEDIATE DISCOVERY

Upon the *ex parte* application of Plaintiffs to take immediate discovery, the annexed declaration of Jonathan Whitehead and the exhibit thereto, the annexed declaration of J.

Christopher Jensen, Esq., and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable to obtain the identity each Doe Defendant by requesting the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. ~~The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).~~

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the discovery requests may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 1/16/04

_____
United States District Judge

0617027.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,

        Plaintiffs,

-against-

JOHN DOE,

        Defendant.

---------------------------------------------------------x

04-4230

Civil Action No.:

HURLEY, J.

ORENSTEIN, M.J.

### [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE IMMEDIATE DISCOVERY

Upon the *ex parte* application of Plaintiffs to take immediate discovery, the annexed declaration of Jonathan Whitehead and the exhibit thereto, the annexed declaration of J. Christopher Jensen, Esq., and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on SUNY College at Old Westbury to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify him or her, including the name, address, telephone number, e-mail address, and Media Access Control addresses for the Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 1/31/05

CENTRAL ISLIP, N.Y.

*Denis R. Hurley*
United States District Judge, E.D.N.Y.

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,

Plaintiffs,

-against-

DOES 1-2,

Defendants.

[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Civil Action No.: 5:04-CV-1253 (NAM/GHL)

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV - 5 2004
AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

Upon Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the annexed Declaration of Steven E. Cole, Esq., the annexed Declaration of Jonathan Whitehead and the exhibit thereto, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Morrisville State College, State University of New York to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: November 5, 2004

_____
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIRGIN RECORDS AMERICA, INC. :
ET AL :
    Plaintiffs : CIVIL ACTION NO.
: 3-04-cv-701 (JCH)
v. :
:
DOES 1 - 3 : APRIL 29, 2004
    Defendants :

## ORDER GRANTING PLAINTIFFS'
## MOTION FOR EXPEDITED DISCOVERY [DKT. NO. 5-1]

Upon the Motion of plaintiffs for Expedited Discovery, the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, the court finds there is good cause for expedited discovery, in particular, to preserve evidence and to identify the defendants for service.

It is therefore ORDERED that:

1. Plaintiffs may serve immediate discovery on Patriot Media & Communications ("Patriot") to obtain the identity of Doe defendants 1, 2 and 3 by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each defendant.

2. If and when Patriot is served with a subpoena, within five business days thereof, it shall give notice (notice via email is sufficient) of the subpoena to the subscribers in question. If Patriot and/or any defendant wishes to move to quash the subpoena, the

party must do so before the return date of the subpoena, which will be 15 business days from the date of service.

3. If and when Patriot is served with a subpoena, Patriot shall immediately preserve the subpoenaed information in question pending resolution of any timely-filed motion to quash; and

4. Counsel for plaintiffs shall provide a copy of this Order to Patriot along with the subpoena.

5. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

IT IS FURTHER ORDERED THAT any information disclosed to plaintiffs in response to the Rule 45 subpoena shall be used by plaintiff solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

SO ORDERED.

Dated at Bridgeport, Connecticut this 29th day of April, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge